UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------  x

JAMES J. MATT,                                                :
                                                             :
                                                             :   **STIPULATION AND ORDER OF**
                            Plaintiff,                        :   **SETTLEMENT AND**
         -against-                                           :   **DISMISSAL**
                                                             :
UNITED STATES DEPARTMENT OF JUSTICE,      :   22 Civ. 6057 (JGK)
DRUG ENFORCEMENT ADMINISTRATION,          :
UNITED STATES OF AMERICA, AND ABC             :
PARENT/SUBSIDIARY, GOVERNMENT                  :
ENTITIES 1-5,                                                  :
                            Defendants.                        :

---------------------------------------------------------------------------  x

WHEREAS James Matt ("Plaintiff" or "Matt") filed a Complaint in the above-captioned

matter on July 15, 2022 (Dkt. No. 1) and an Amended Complaint on November 23, 2022 (Dkt.

No. 25) against the United States Department of Justice, the United States Drug Enforcement

Administration, and the United States of America (collectively, "Defendants" or "Government");

WHEREAS the Complaint and Amended Complaint allege claims against the

Government arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

("ADEA");

WHEREAS on November 11, 2022, the Court entered an order (Dkt. No. 23) referring

this case to the Court's Mediation Program;

WHEREAS Plaintiff and Defendants ("the Parties") engaged in settlement discussions in

advance of the scheduled mediation conference and reached an agreement to resolve all claims;

and

WHEREAS the Parties wish to consensually resolve their dispute without further delay,

burden, or expense;

Case 1:22-cv-06057-JGK   Document 35   Filed 03/14/23   Page 2 of 7

**IT IS HEREBY STIPULATED AND AGREED** as follows:

1. Within 7 days after the Effective Date (as defined herein below), the parties shall file a stipulation of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure dismissing this action with prejudice and without costs or disbursements or fees as against any party.

2. This Stipulation and Order of Settlement and Dismissal ("Stipulation") is a result of a compromise and shall not at any time, or for any purpose, be construed as an admission of liability or fault by the Government or the United States, its agencies, sub-agencies, or components, and any of their current or former officers, employees, representatives, agents, attorneys, and persons acting by, through, or under any of them, including but not limited to all individual federal employees and former employees identified or named in the Complaint, the Amended Complaint, and/or any administrative Equal Employment Opportunity ("EEO") submissions.

3. This Stipulation is contingent upon entry by the Court.

4. This Stipulation is further contingent on the approval of the Administrator of the Drug Enforcement Administration ("DEA") to extend Plaintiff's eligibility to remain employed as a DEA special agent for up to 12 months past his mandatory retirement date, pursuant to 5 U.S.C. §§ 8335, 8425(b). Upon the Court's approval of this Stipulation, Plaintiff will promptly and accurately complete the Mandatory Retirement Exemption Request Memorandum attached hereto and email it to Special Agent in Charge Frank A. Tarentino III ███████████████████, copying DEA Attorney Judson Peverall ███████████████████ on the message.[1] Mr. Tarentino will promptly thereafter

---

[1] The email addresses included here will be redacted on the version of this Stipulation that is filed on the docket.

2

Case 1:22-cv-06057-JGK   Document 35   Filed 03/14/23   Page 3 of 7

complete the necessary paperwork to endorse the request to extend Plaintiff's employment for up to 12 months past his mandatory retirement date, and submit the necessary paperwork to the Administrator for consideration. The resolution of this exemption request remains within the Administrator's discretion, and nothing in this Stipulation shall be construed as limiting that discretion.

5.  The terms of this Stipulation shall become effective upon the date both of the contingent conditions set forth in paragraphs 3 and 4 have been met ("Effective Date"). If not approved and entered by the Court, or if the DEA Administrator rejects Plaintiff's request to work for up to 12 months past his mandatory retirement date, this Stipulation, including the provisions of paragraphs 1 and 6, shall be null and void, with no force or effect.

6.  Within a reasonable time after the Effective Date, the Government will pay the sum of fifty-five hundred dollars ($5,500.00) to settle all of Matt's claims against the Government ("Settlement Amount") by check payable to "Pitta LLP c/o James M. Matt" and mailed or delivered by commercial carrier to his attorney, Stephen McQuade, Pitta LLP, 120 Broadway, 28th Floor, New York, New York 10271.

7.  At the appropriate time and prior to the expiration of the extension contemplated in paragraphs 4 and 5, Plaintiff may apply for two additional 12-month extensions through ordinary channels, and any such applications will be processed and considered in the ordinary course without any preferential or detrimental treatment to his application as a result of this Stipulation or this action.

8.  Plaintiff agrees to accept the benefits being provided to him under this Stipulation in full settlement and satisfaction of any and all claims and demands, and hereby irrevocably

3

Case 1:22-cv-06057-JGK   Document 35   Filed 03/14/23   Page 4 of 7

and unconditionally releases and discharges the Government, the United States, its

agencies, sub-agencies or components, and any of their current or former officers,

employees, representatives, agents, attorneys, and persons acting by, through, or under

any of them, including but not limited to all individual federal employees and former

employees identified or named in the Complaint, the Amended Complaint, and/or his

EEO submissions (collectively, "Released Parties") from any and all charges, complaints,

claims, actions, causes of action, liabilities, obligations, damages, losses, debts and

expenses (including attorneys' fees and costs incurred), of any nature whatsoever, known

or unknown, that Plaintiff now has, owns, or holds, or claims to have, own, or hold, or at

any time heretofore had, owned, or held, or claimed to have, own, or hold arising from or

related to the events, circumstances, or incidents giving rise to this action and all claims

incident thereto, unless otherwise specified in this Stipulation.

9. Plaintiff acknowledges that this Stipulation is intended to include in its effect, without

limitation, all claims that Plaintiff does not know or suspect to exist in his favor at the

time of the execution hereof, and that this Stipulation contemplates the extinguishment of

any such claim or claims as against any Released Parties.

10. Notwithstanding anything to the contrary in paragraphs 8 and 9, Matt's release of the

Released Parties does not apply to the Settlement Amount or to any claims arising from

this Stipulation, including any breach of this Stipulation. Nor should anything in this

Stipulation be construed to prevent Matt from being a non-party witness in any

investigation or proceeding conducted by the Equal Employment Opportunity

Commission ("EEOC") or any other federal, state, or local government agency that is

authorized to enforce or administer any law, rule, or regulation, or from making

4

Case 1:22-cv-06057-JGK   Document 35   Filed 03/14/23   Page 5 of 7

disclosures that are protected under whistleblower provisions of any law, rule or regulation.

11. Plaintiff represents and agrees that he has had the opportunity to thoroughly discuss all aspects of this Stipulation with his attorney and that he is fully aware of his right to discuss any and all aspects of this matter with an attorney chosen by him, and that he has carefully read and fully understands all the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

12. This Stipulation includes a waiver of claims Plaintiff has made or could have made under the ADEA up to the effective date of this Stipulation. The Stipulation does not include the waiver of any rights or claims that may arise after the effective date of this Stipulation. The Older Workers Benefit and Protection Act requires Plaintiff to be advised in writing to consult an attorney before signing a waiver agreement, and this notice satisfies that requirement. The signature below affirms that Plaintiff has been provided with reasonable and sufficient time to consider this Stipulation.

13. Plaintiff represents that he has not assigned any of his claims, nor does any lien exist on the Settlement Amount. However, if Plaintiff has assigned any claim or if any lien exists on the Settlement Amount, Plaintiff will indemnify and hold harmless the Released Parties from any and all claims, causes of action, rights or subrogated interests arising from the assignment of claims and liens upon the settlement proceeds, including any claims, causes of action, rights or subrogated interests, and this Stipulation constitutes a written agreement to that effect.

14. Settlement of this action is without costs or interest and is inclusive of any claim for attorneys' fees, costs or other litigation expenses.

15. The parties agree that no representation or warranty has been made as to the tax consequences of the payment of the Settlement Amount. Defendants take no position as to the tax treatment of the payment. Plaintiff represents and warrants that he will assume responsibility for, and will protect, indemnify, defend, and hold Defendants harmless from and against, any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, related to any tax for which plaintiff is found liable, if any.

16. The Parties acknowledge that they are entering into this Stipulation knowingly and voluntarily, having had adequate time to consider its terms and after consultation with counsel and extensive negotiations between the parties. This Stipulation contains the entire agreement between the Parties, and any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or respective counsel that are not included herein shall be of no force of effect.

17. This Stipulation shall be binding upon Plaintiff and upon his heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the Released Parties and each of them, and to their heirs, administrators, representatives, executors, successors, and assigns.

18. This Stipulation is the result of negotiations between the Parties to this Stipulation. There shall be no presumption that any ambiguities in this Stipulation should be resolved against any party. Any controversy regarding the construction or interpretation of this Stipulation shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

6

Case 1:22-cv-06057-JGK   Document 35   Filed 03/14/23   Page 7 of 7

19. This Stipulation may be executed in one or more counterparts all of which, when taken together, constitute one and the same document. Copies of executed counterparts transmitted by telecopy or other electronic transmission service shall be considered original executed counterparts.

20. The Court shall retain jurisdiction to enforce any aspect of this Stipulation.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York
     *March* _10_, 2023

       PITTA LLP

By:    _____
       STEPHEN MCQUADE
       Pitta LLP
       120 Broadway, 28th Floor
       New York, NY 10271
       Tel.: 212-652-3885

       *Attorney for Plaintiff*

Dated: New York, New York
     March _10_ 2023

       DAMIAN WILLIAMS
       United States Attorney for the
       Southern District of New York

By:    _____
       MARK OSMOND
       Assistant U.S. Attorney
       86 Chambers Street, Third Floor
       New York, New York  10007
       Tel.: (212) 637-2713

       *Attorney for Defendants*

SO ORDERED

_____
HON. JOHN G. KOELTL

Dated:   New York, New York
     _3/14_____, 2023